UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TECK COMINCO METALS LTD., ) <br> ) <br>          Plaintiff, ) <br> ) <br>     -vs- ) <br> ) <br> SEATON INSURANCE COMPANY, et ) <br> al., ) <br> ) <br>          Defendants. ) <br> ) | NO.  CV-05-0411-LRS <br><br> ORDER DENYING MOTION FOR REMAND; GRANTING REQUEST FOR LEAVE TO AMEND |

**BEFORE THE COURT** is Plaintiff's Motion to Remand (Ct. Rec. 10). An expedited hearing was held on January 17, 2006 on this matter at which time the Court heard oral argument from David Klein, on behalf of Teck Cominco ["TCML"], Cathy Spicer, on behalf of Icarom, and Bradley Smith, on behalf of Seaton Insurance Company. After having fully considered the matter and having heard oral argument, the Court issued its ruling orally. This Order is intended to memorialize and supplement the oral ruling of the Court.

For the reasons stated on the record and herein, the Court finds as follows:

1. The Foreign Sovereign Immunities Act gives federal courts jurisdiction over actions against foreign parties. The Foreign Sovereign Immunity Act ("FSIA"), 28 U.S.C. §§ 1602-1611, defines a foreign state to include a political subdivision of a foreign state

ORDER - 1

or an agency or instrumentality of a foreign state. 28 U.S.C. § 1603(a). Icarom qualifies as an "agency or instrumentality of a foreign state" as defined by the FSIA. The Third Circuit in *USX Corp. v. Adriatic Insurance Co. et al.,* 345 F.3d 190 (3rd Cir. 2003), after an exhaustive review of the facts concluded that Icarom meets the "organ of a foreign state" prong of this definition. While arguing for the opposite result in this litigation, counsel for plaintiff was not able to show any factual changes in the way Icarom now does business to suggest that a different ruling should issue from this court. Having reviewed the submittals of all parties, the undersigned judicial officer agrees with the fundamental holding in *USX*, *supra*, which is largely based on 9th Circuit criteria expressly adopted by the 3rd Circuit. Accordingly, this matter was properly removed by Defendant Icarom pursuant to 28 U.S.C. § 1441(d).

    2. This Court has subject matter jurisdiction over this entire action though there are non-foreign defendants involved. *See Chuidian v. Philippine Nat'l Bank*, 912 F.2d 1095 (9th Cir.1990); *Teledyne, Inc. v. Kone Corp.*, 892 F.2d 1404, 1407-10 (9th Cir.1989); *In re Surinam Airways Holding Co.*, 974 F.2d 1255, 1258-60 (11th Cir.1992); *Nolan v. Boeing Co.*, 919 F.2d 1058, 1064-66 (5th Cir.1990); *Davis v. McCourt*, 226 F.3d 506, 511 (6th Cir. 2000).

    3. TCML has alternatively requested leave to file the Proposed Second Amended Complaint including language which states TCML "has waived its claim for that portion of the indemnity or defense coverage available under the Policies, if any, to which Icarom would be required to make contribution or which would be offset against Icarom." Declaration of Jerry Moberg, Ct. Rec. 11, Exhibit B. It is TCML's contention that this waiver would have the effect of removing

Icarom as a party and mooting Seaton's third-party claims against Icarom.

Given the present posture of the case, the Court does not find the filing of the Proposed Amended Complaint would remove Icarom as a party to this litigation, nor deprive this Court of subject matter jurisdiction. Simply stated, the filing of the Proposed Second Amended Complaint would not procedurally result in the automatic dismissal or resolution of the third-party claims. Nonetheless, should TCML still desire to file the Proposed Second Amended Complaint, such leave is hereby granted. Should TCML decide to file the amended complaint, it shall be filed WITHIN TEN (10) DAYS of this order.

Accordingly, **IT IS HEREBY ORDERED**:

TCML's Motion to Remand (Ct. Rec. 10) is **DENIED** to the extent the motion requests the Court remand this case to Grant County Superior Court. TCML's motion is **GRANTED** as to its alternative request for leave to file the Proposed Second Amended Complaint. Should TCML wish to file the proposed amended complaint, it shall be filed within **ten (10) days** of this Order.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

DATED this 20th day of January, 2006.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 3