UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TECK COMINCO METALS LTD., | ) |
| | ) NO.  CV-05-411-LRS |
| Plaintiff, | ) |
| | ) ORDER RE MOTIONS FOR |
| v. | ) RECONSIDERATION |
| | ) |
| SEATON INSURANCE COMPANY, | ) |
| (f/k/a Unigard Security | ) |
| Insurance Company, f/k/a a | ) |
| Unigard Mutual Insurance | ) |
| Company, et al., | ) |
| | ) |
| Defendants, | ) |
| | ) |
| _____ | ) |

Lombard General Insurance Company of Canada ("Lombard"), Seaton Insurance Company ("Seaton"), and London Market Insurers ("LMI") have each moved (Ct. Recs. 179, 180 and 182) for reconsideration of this Court's May 1, 2006, Order Denying Motion to Dismiss ("Order").  More specifically, Lombard asks that all proceedings in this action be stayed pending a ruling on the motion for reconsideration, certification of the Court's earlier order to the Ninth Circuit if reconsideration is not granted, and entry of a stay in this action pending resolution of the appeal. LMI focuses on the *forum non conveniens* portion of the earlier order and asks that this Court delay its ruling until the parties have heard from the courts of British Columbia; in the alternative, LMI asks that the *forum non conveniens* issue be

ORDER RE MOTIONS FOR RECONSIDERATION - 1

certified to the Ninth Circuit and that this action be stayed pending appellate review. Seaton joins in the Lombard and LMI motions with respect to the issue of *forum non conveniens*.

Following the Court's May 1, 2006 Order finding sufficient jurisdiction to proceed with this action, Teck Cominco has entered into an agreement with EPA relating to planned environmental assessment activities. The Ninth Circuit has also affirmed the case of *Pakootas et al. v. Teck Cominco Metals, Ltd.*, Court of Appeals No. 05-35153, which asserts federal jurisdiction over plaintiff herein concerning environmental damages incurred within the United States. Additionally, court proceedings involving the parties' insurance coverage issues have gone forward in the courts of British Columbia.

While the Defendants take issue with the Court's earlier ruling, no new material facts are cited nor do the parties suggest an intervening change in the law. In essence, the Defendants respectfully argue that the Court erred on jurisdiction and venue, and misinterpreted the record. Lombard has also submitted materials currently being considered by the British Columbia court hearing parallel litigation in Canada and Plaintiff has responded to these filings.

While this judicial officer readily acknowledges the right of any party to appeal from a final order, practical considerations suggest that this be done only when the record has been fully developed and all issues bearing on liability have been determined at the trial court level. Moreover, piecemeal appeals are not favored. Additionally, the possibility that finality will result in this litigation by allowing an interlocutory appeal to go

ORDER RE MOTIONS FOR RECONSIDERATION - 2

forward is speculative, at best. On the contrary, an early appeal may have just the opposite effect and result in increased costs, inconvenience and uncertainty for all parties. Given the Ninth Circuit's affirmance of the Pakootas litigation, the time is ripe to go forward in deciding with finality all matters at issue in this pending litigation.

Although the Defendants urge additional delay by this Court pending a decision in British Columbia, virtually all of the arguments they now make were either expressly or by inference considered previously. In light of the foregoing, Defendants' motions for reconsideration or certification for appeal and for stay (Ct. Recs. 179, 180 and 182) are hereby **DENIED**.

DATED this 28th day of July, 2006.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE