The Honorable Lonny R. Suko

Jerry J. Moberg
JERRY MOBERG & ASSOCIATES
Attorneys at Law
451 Diamond Drive
Ephrata, Washington 98823
Telephone: (509) 754-2027

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| TECK METALS LTD.,<br><br>      Plaintiff,<br><br>  v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S,<br>LONDON AND CERTAIN LONDON<br>MARKET INSURANCE COMPANIES,<br><br>      Defendants. | Case No. CV-05-411-LRS<br><br>ORDER GRANTING<br>PERMANENT ANTI-ANTI-<br>SUIT INJUNCTION |

On December 2, 2009, at 1:00 p.m., the parties appeared for a hearing on Plaintiff Teck Metals Ltd's ("Teck's") Motion for Anti-Anti-Suit Injunction ("Motion"). Teck's motion sought to restrain Defendants Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies ("London Insurers") from proceeding with anti-suit motions scheduled to be heard in British Columbia at the same time, the purpose of which was to enjoin Teck from further prosecuting its claims for insurance coverage in this Court. Being fully familiar with the record in this case and having considered the briefs of the parties, the Court entered a Temporary Restraining Order/Preliminary Injunction (the "TRO") against London Insurers in order to protect the jurisdiction of this Court and the

immediate threat to Teck's interest in proceeding in this Court. The TRO enjoined London Insurers, effective until 1:00 p.m. Pacific Time on December 9, 2009, from applying to any other court for an order, injunction, or any similar relief, that would bar Teck from prosecuting this action, or any part of it, in this Court.

The Court then heard oral argument regarding whether to convert the TRO into a Permanent Injunction. During oral argument, counsel for London Insurers acknowledged that there are no other facts or evidence that should be brought to the Court's attention, no further hearing is required, and there is sufficient evidence for the Court to rule on whether a Permanent Injunction should be entered. The Court now enters a Permanent Injunction for the reasons set forth below.

## I.    REASONS FOR ISSUING THE PERMANENT INJUNCTION

### A.    Findings of Fact

On November 23, 2005, Teck sued London Insurers in Washington State and London Insurers sued Teck in the Supreme Court for British Columbia ("B.C. Court"), each seeking rulings regarding Teck's rights under liability policies sold to it by London Insurers concerning environmental liabilities faced by Teck at Lake Roosevelt in Washington State. On May 1, 2006, this Court denied London Insurers' motions to dismiss, holding that London Insurers are subject to this Court's jurisdiction and this Court is not an inconvenient forum. [Doc. 174.] The Court subsequently denied London Insurers' motions for reconsideration or for certification for appeal and for stay. [Doc. 207.] Teck moved in the B.C. Court to stay London Insurers' B.C. Action. The B.C. Court denied Teck's motion. [Doc. 278, Lathrop Decl., Ex. A.] After the B.C. Court ruled, the parties agreed to refrain from seeking "anti-suit" injunctions against one another until appeals in Canada were exhausted. [Doc. 278, Lathrop Decl., Ex. B.] The Court agreed to stay this case to effectuate the

JERRY MOBERG & ASSOCIATES
451 Diamond Drive
Ephrata, Washington 98823
Telephone (509) 754-2027

terms of this private standstill agreement during the pendency of the Canadian appeals.  [Doc. 228.]

On February 20, 2009, the Supreme Court of Canada found that the B.C. Court did not err in permitting the B.C. Coverage Action to proceed.  [Doc. 278, Lathrop Decl., Ex. C.]  After the Supreme Court of Canada ruled, the parties again extended their private standstill agreement and the Court extended its stay to allow time for mediation in an attempt to resolve the parties' coverage dispute.  [Docs. 253, 262.] Teck and the London Insurers were unable to resolve their dispute through mediation.

After the Supreme Court of Canada ruled, Teck wrote to advise London Insurers that it would not move this Court for an anti-suit injunction to interfere with the B.C. Court's jurisdiction.  [Doc. 278, Lathrop Decl., Ex. E.]  Teck asked London Insurers to make a reciprocal commitment, so that the two actions could proceed in parallel.  (*Id.*)  London Insurers did not provide this assurance.  [Doc. 278, Lathrop Decl., Exs. F, G, H, I, J & K.]  Accordingly, on November 2, 2009, Teck filed a Motion for an Anti-Anti-Suit Injunction, asking this Court to enjoin London Insurers from seeking an order from the B.C. Court enjoining Teck from proceeding in this Court.  [Doc. 276.]  On November 13, 2009, London Insurers filed their opposition, in which they stated that they would "ask the trial court in British Columbia to enjoin Teck from pursuing the action that is before this Court."  [Doc. 280 at 4.]  On November 23, 2009, after Teck filed its reply brief with this Court, London Insurers filed with the B.C. Court motions for (1) a temporary anti-anti-anti-suit injunction to restrain Teck from interfering with London Insurers' prosecution of their anti-suit injunction in the B.C. Court and (2) a permanent anti-suit injunction restraining Teck from prosecuting this action. [Doc. 289, Lathrop Second Suppl. Decl., Ex. A.]

London Insurers' preliminary injunction and anti-suit motions were set to be heard at 1:00 p.m. on December 2, 2009, in the B.C. Court, the same time as

JERRY MOBERG & ASSOCIATES
451 Diamond Drive
Ephrata, Washington 98823
Telephone (509) 754-2027

the hearing on Teck's anti-anti-suit motion.

**B.    Conclusions of Law**

The Court concludes that an Anti-Anti-Suit Injunction is necessary to protect this Court's jurisdiction.  In prior orders, the Court already has found that it has both subject matter jurisdiction over this action and personal jurisdiction over the London Insurers and that Teck's choice of forum is appropriate.  [Doc. 174.]  A federal court that has jurisdiction over the parties before it has the power to enjoin them from proceeding with a parallel action in another country.  *See E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 989-90 (9th Cir. 2006); *Triton Container Int'l Ltd. v. Di Gregorio Navegacao Ltda.*, 440 F.3d 1137, 1138 (9th Cir. 2006); *Seattle Totems Hockey Club, Inc. v. Nat'l Hockey League*, 652 F.2d 852, 855-56 (9th Cir. 1981); *Philp v. Macri*, 261 F.2d 945, 947 (9th Cir. 1958).  This Court also can take the less drastic measure of enjoining the parties from seeking an injunction in a foreign court that effectively would divest this Court of its jurisdiction.  *See Laker Airways Ltd. v. Sabena, Belgian World Airlines*, 731 F.2d 909, 956 (D.C. Cir. 1984).  Indeed, courts "have a duty to protect their legitimately conferred jurisdiction to the extent necessary to provide full justice to litigants."  *E. & J. Gallo*, 446 F.3d at 995 (*citing Laker Airways*, 731 F.2d at 927).  Importantly, the relief Teck seeks will not interfere with proceedings in British Columbia; it only will bar London Insurers from seeking an order enjoining Teck from proceeding in this Court.

The Ninth Circuit has instructed that:

> foreign litigation may be enjoined when it would (1) frustrate a policy of the forum issuing the injunction; (2) be vexatious or oppressive; (3) threaten the issuing court's *in rem* or *quasi in rem* jurisdiction; *or* (4) . . . prejudice other equitable considerations.

*E. & J. Gallo*, 446 F.3d at 990 (quoting *Seattle Totems*, 652 F.2d at 855 and *In re Unterweser Reederei Gmbh*, 428 F.2d 888, 896 (5th Cir. 1970), *aff'd on rehearing*

*en banc*, 446 F.2d 907 (1971), *rev'd on other gds. sub nom. M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972)) (emphasis added). If any of these factors are present, and "if the impact on comity is tolerable," an anti-suit injunction may be granted. *E. & J. Gallo*, 446 F.3d at 991. As noted above, Teck is not seeking an anti-suit injunction. Rather, it is seeking the less intrusive relief of enjoining London Insurers from seeking an anti-suit injunction. Thus, while the test set forth in *E. & J. Gallo* applies to anti-suit injunctions, it is nevertheless instructive and will be applied here as well. This Court finds that the *E. & J. Gallo* factors favor the requested *anti-anti*-suit injunction.

A.    *Frustration Of The Policies Of The Forum.*

This Court already has denied London Insurers' motions to dismiss this action, in part, because it recognized Washington's asserted public interest in this action, involving its natural environment. [Doc. 174, at 15-16]. Since this Court denied London Insurers' motion to dismiss, Washington's interests have grown stronger. The Ninth Circuit Court of Appeals has determined that Teck is a proper defendant in the underlying CERCLA action that has given rise to this derivative insurance claim. *Pakootas v. Teck Cominco Metals, Ltd.*, 452 F.3d 1066, 1082 (9th Cir. 2006). Both this action and the underlying CERCLA litigation are now before the same judge, further promoting efficiency and judicial economy. And, with the dismissal of Lombard Insurance Company, the case no longer involves any Canadian defendant, but only European insurers who concededly have appeared many times before courts in Washington.

Because this claim involves environmental conditions in Washington, underlying CERCLA litigation in this Court, and the State's expressed interest as a litigant in the CERCLA action, the public interest strongly supports this Court's continued exercise of its jurisdiction. Allowing London Insurers to enjoin Teck from

ORDER GRANTING PERMANENT ANTI-ANTI-SUIT
INJUNCTION - 5

JERRY MOBERG & ASSOCIATES
451 Diamond Drive
Ephrata, Washington 98823
Telephone (509) 754-2027

prosecuting this action would frustrate Washington's compelling interest in ensuring that insurance litigation involving environmental liabilities in this State proceed here.

B.    *Vexatiousness, Oppression, Or Prejudice to Other Equitable Considerations.*

The courts in both countries have exercised their jurisdiction and have expressed their determination that it is proper for each to adjudicate the dispute. "[A]bsent 'exceptional circumstances,' federal courts have an obligation to exercise their jurisdiction concurrently with other courts." *Neuchatel Swiss Gen'l Ins. Co. v. Lufthansa Airlines*, 925 F.2d 1193, 1194  (9th Cir. 1991); *accord Laker Airways*, 731 F.2d at 926-27 ("parallel proceedings on the same in personam claim should ordinarily be allowed to proceed simultaneously, at least until a judgment is reached in one which can be plead as res judicata in the other.")

This Court has found that this is a proper forum with jurisdiction over the parties and subject matter, that a strong public interest favors adjudication of the coverage dispute in this forum, that London Insurers will not suffer oppression or vexation by being required to litigate here, and that no private or public factors, or logistical, administrative or legal problems, outweigh Teck's choice of forum.  [Doc. 174.]  To permit London Insurers to pre-empt this Court's legitimate exercise of jurisdiction through an anti-suit injunction would render these prior rulings ineffective.  Moreover, Teck would be deprived of the procedural benefits of this forum, such as compulsory process to compel testimony from Washington witnesses.  Entry of the anti-anti-suit injunction will prevent further jurisdictional maneuvering intended to strip this Court of its authority.

C.    *Comity.*

Comity will not be offended by the injunction that Teck requests.  "Comity ordinarily requires that courts of a separate sovereign not interfere with concurrent proceedings based on the same transitory claim . . . .  " *Laker Airways*, 731 F.2d

JERRY MOBERG & ASSOCIATES
451 Diamond Drive
Ephrata, Washington 98823
Telephone (509) 754-2027

at 939.  The limited relief Teck seeks will permit the actions in both countries to proceed unimpeded.  This is the expected outcome when principles of comity are honored.  *Id.* at 926-27 ("parallel proceedings on the same in personam claim should ordinarily be allowed to proceed simultaneously, at least until a judgment is reached in one which can be plead as res judicata in the other.")  Comity is best served by allowing both courts to adjudicate the matters before them.  The Court does not intend, by this order, to otherwise impede the rights of London Insurers to continue to prosecute the action filed in British Columbia but is only entering an order that also will preserve the rights of the parties to proceed before this Court as well.

## II.    TERMS OF INJUNCTION AND ACTS RESTRAINED OR REQUIRED

        Effective from December 9, 2009, at 1:00 p.m., London Insurers hereby are permanently ENJOINED:

        1)    from applying to any other court for an order, injunction, or any similar relief, that would bar Teck from prosecuting this action, or any part of it, in this Court; and

        2)    from taking further steps to prosecute or otherwise pursue any application pending in any other court at the time this Order is entered for an order from such other court enjoining Teck from proceeding with its action, or any part of it, in this Court; and

        3)    to inform the British Columbia Court that London Insurers are no longer proceeding with their application for an anti-suit injunction against proceedings in this Court.

Dated:  December 8, 2009

*s/Lonny R. Suko*

_____
LONNY R. SUKO
Chief United States District Judge

ORDER GRANTING PERMANENT ANTI-ANTI-SUIT
INJUNCTION - 7