UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| TECK METALS, LTD., | ) | |
| | ) | No. CV-05-411-LRS |
| Plaintiff, | ) | |
| | ) | **ORDER DENYING** |
| | ) | **MOTIONS TO STRIKE** |
| | ) | **AND TO VACATE OR** |
| vs. | ) | **AMEND** |
| | ) | |
| CERTAIN UNDERWRITERS AT | ) | |
| LLOYD'S, LONDON AND | ) | |
| CERTAIN LONDON MARKET | ) | |
| INSURANCE COMPANIES, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**BEFORE THE COURT** are the Defendants' Motion To Strike (Ct. Rec. 304) and Motion To Vacate Or Amend Order Granting Permanent Anti-Anti-Suit Injunction (Ct. Rec. 307). These motions are heard without oral argument.

**MOTION TO STRIKE**

Through their participation at the December 2, 2009 hearing, and in their written materials submitted in conjunction with their motion to strike and motion to vacate or amend, the Defendants have had an adequate opportunity to respond, and/or have responded, to the points argued by Plaintiff's counsel at the December 2 hearing; to Plaintiff's post-hearing brief filed on December 7 (Ct. Rec. 302); and

**ORDER DENYING MOTIONS TO STRIKE AND TO VACATE OR AMEND- 1**

to Plaintiff's post-hearing status report (Ct. Rec. 301) filed on December 7.

Accordingly, since Defendants have not been prejudiced, their Motion To Strike (Ct. Rec. 304) is **DENIED**.

**MOTION TO VACATE OR AMEND**

The "Findings of Fact" and "Conclusions of Law" contained in the court's "Order Granting Permanent Anti-Anti-Suit Injunction" (Ct. Rec. 298) are accurate. If there is an appeal of the court's order, the transcript of the December 2 hearing will likely constitute a part of record, and the parties can present whatever additional "facts" they deem appropriate for consideration by the court of appeals.

The court's order is "permanent" with regard to the anti-anti-suit relief awarded to Plaintiff which prohibits Defendants from seeking an injunction in another court to preclude Plaintiff from prosecuting the captioned action. The court recognizes the order is interlocutory in the broader sense that the court has yet to rule on the merits of the parties' dispute.

The court's order "enjoins," that is "directs," Defendants to inform the British Columbia Court that Defendants are no longer proceeding with their application for an anti-suit injunction in that court.[1] While it seems it would be obvious to the British Columbia Court why Defendants are no longer proceeding with their application for an anti-suit injunction, nothing in this court's order precludes Defendants from advising the British Columbia Court why they are no longer proceeding with their application.

This court's order is not "overbroad, open-ended, and unlimited in time and

---

[1] The order does not direct Defendants to actually "withdraw" the application.

**ORDER DENYING MOTIONS TO STRIKE AND TO VACATE OR AMEND- 2**

scope." Because the reason for the court's order is to preserve its jurisdiction (which it previously found to be proper), the order appropriately precludes Defendants from pursuing anti-suit relief not only in the courts of British Columbia, but in "any other court." This court's anti-anti-suit injunction is permanent because it will remain in place until the merits of the parties' dispute is fully and finally adjudicated in this court.[2]

This court will not amend its order to include any of the "Additional Proposed Findings" submitted by Defendants. This court has made the findings which it deems sufficient to support its order. If an appeal is pursued by Defendants, their "Additional Proposed Findings" can be tendered to the court of appeals by way of argument.

This court did not commit a "clear error" in granting anti-anti-suit relief to Plaintiff, and this relief does not create a "manifest injustice" to Defendants. Accordingly, the court will not reconsider its order.

Defendants' Motion To Vacate Or Amend (Ct. Rec. 307) is **DENIED**.

**IT IS SO ORDERED**. The District Executive is directed to enter this order and forward copies to counsel.

**DATED** this ___19th___ of January, 2010.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
Chief United States District Judge

---

[2] It is not this court's intention to adjudicate any coverage dispute with regard to Pinchi Lake which is located in Canada. The coverage dispute at issue in the captioned matter pertains to Lake Roosevelt which is located within the exterior boundaries of the State of Washington.

**ORDER DENYING MOTIONS TO STRIKE AND TO VACATE OR AMEND- 3**