CATHY A. SPICER, WSBA NO. 15416    HONORABLE LONNY R. SUKO
GABRIEL BAKER, WSBA NO. 28473
LANE POWELL PC
1420 Fifth Avenue, Suite 4100
Seattle, Washington 98101-2338
Telephone: 206.223.7000
Facsimile: 206.223.7107

Attorneys for Defendants London Market
Insurers

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON
### AT SPOKANE

TECK METALS LTD.,                    )
                                     )   NO. CV-05-00411-LRS
                    Plaintiff,       )
                                     )   ANSWER OF THE LONDON
        v.                           )   MARKET INSURERS TO
                                     )   PLAINTIFF'S FOURTH
CERTAIN UNDERWRITERS AT              )   AMENDED COMPLAINT
LLOYD'S, LONDON AND CERTAIN          )
LONDON MARKET INSURANCE              )
COMPANIES,                           )   **JURY DEMAND**
                                     )
                    Defendants.      )
_____)

For their Answer to Teck Cominco Metals Ltd.'s Fourth Amended
Complaint, the London Market Insurers[1] state as follows:

_____

[1] The London Market Insurers include those certain Underwriters at Lloyd's,
London who severally subscribed to one or more of the policies of insurance
(continued . . .)

ANSWER TO FOURTH AMENDED COMPLAINT
AND JURY DEMAND - 1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101
(206) 223-7000

## **NATURE OF ACTION**

1.    The London Market Insurers admit that this is a civil action filed by Teck Metals Ltd. ("Teck") alleging breach of contract and seeking a declaratory judgment.  To the extent the allegations contained in paragraph 1 of the Fourth Amended Complaint refer to policies severally subscribed by one or more of the London Market Insurers, the London Market Insurers state that the policies speak for themselves, and this Court is directed to the policies for a complete and accurate statement of their terms.  The London Market Insurers deny the allegations contained in paragraph 1 to the extent they are inconsistent with the language of the London policies.  Except as specifically admitted or stated herein, the London Market Insurers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Fourth Amended Complaint and therefore deny the same.

2.    The London Market Insurers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Fourth Amended Complaint and therefore deny the same.

---

(. . . continued)

identified on Exhibit A hereto (hereinafter referred to as the "London Policies"), and those London Market Insurance Companies identified on Exhibit B hereto.

ANSWER TO FOURTH AMENDED COMPLAINT
AND JURY DEMAND - 2

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101
(206) 223-7000

## THE PARTIES

3.     The London Market Insurers admit the allegations contained in the first two sentences of paragraph 3 of the Fourth Amended Complaint. The London Market Insurers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 3 of the Fourth Amended Complaint and therefore deny the same.

4.     The London Market Insurers admit that they severally subscribed to one or more of the London Policies, except that they deny, on information and belief, that Switzerland Insurance Company UK Limited subscribed to any of the London Policies. The London Policies are written contracts of insurance prepared by Teck's London Brokers that speak for themselves, and this Court is directed to the London Policies for a complete and accurate statement of their terms. The London Market Insurers deny the allegations contained in paragraph 4 to the extent they are inconsistent with the language of the London Policies. Answering further, the London Market Insurers deny that they subscribed to the policies in favor of Cominco Ltd. as surplus lines insurers under RCW 48.15.040.

A.     Answering the first and second sentences of paragraph 4.A., London Market Insurers admit that the subscribing Lloyd's Underwriters severally subscribed to one or more of the London Policies as members of one or more Lloyd's syndicates, whose principal place of business was or is in London, England, and that the London Policies speak for themselves in regard

ANSWER TO FOURTH AMENDED COMPLAINT
AND JURY DEMAND - 3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101
(206) 223-7000

052762.0001/1809091.1

1   to the scope of coverage provided.    London Market Insurers are without

2   knowledge or information sufficient to form a belief as to the truth of the

3   allegations contained in the third sentence of paragraph 4.A., and therefore deny

4   the same.  Rather than factual allegations, the fourth sentence of paragraph 4.A.

5   appears to contain legal conclusions to which no response is necessary.  To the

6   extent a response to the fourth sentence of paragraph 4.A. is deemed necessary,

7   London Market Insurers admit that one of the third-party administrators that

8   assists one segment of London Market Insurers in certain claims handling

9   activities maintains an office in Cambridge, Massachusetts, and deny all other

10  allegations contained therein.

11              B.      Answering paragraph 4.B., London Market Insurers admit

12  that, with the exception of Switzerland Insurance Company UK Limited, the

13  London Market Companies identified on Exhibit B hereto severally subscribed

14  to one or more of the London Policies, and that the London Policies speak for

15  themselves in regard to the scope of coverage provided.  Answering further, the

16  London Market Insurers admit, on information and belief, that such London

17  Market Companies are headquartered or were headquartered in various

18  locations outside the United States.  Except as admitted or stated herein, the

19  London Market Insurers are without knowledge or information sufficient to

20  form a belief as to the truth of the allegations contained in paragraph 4.B. of the

21  Fourth Amended Complaint and therefore deny the same.

22

ANSWER TO FOURTH AMENDED COMPLAINT
AND JURY DEMAND - 4

## JURISDICTION AND VENUE

5.    The London Market Insurers admit that the Court ruled that it had subject matter jurisdiction pursuant to 28 U.S.C. § 1441(d), but deny that Icarom plc is a third-party defendant in this action and further deny that subject matter jurisdiction exists.

6.    The London Market Insurers deny the allegations contained in paragraph 6 of the Fourth Amended Complaint.

7.    The London Market Insurers deny the allegations contained in paragraph 7 of the Fourth Amended Complaint.

## THE LIABILITY INSURANCE POLICIES

8.    The London Market Insurers admit that they severally subscribed to one or more of the London Policies prepared by Teck's London Brokers, except that they deny, on information and belief, that Switzerland Insurance Company UK Limited subscribed to any of the London Policies.  The London Policies are written contracts of insurance prepared by Teck's London Brokers that speak for themselves, and this Court is directed to the London Policies for a complete and accurate statement of their terms.  The London Market Insurers deny the allegations contained in paragraph 8 to the extent they are inconsistent with the language of the London Policies.  Except as admitted or stated herein, the London Market Insurers are without knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraph 8 of the Fourth Amended Complaint and therefore deny the same.

ANSWER TO FOURTH AMENDED COMPLAINT
AND JURY DEMAND - 5

9.     The London Policies are written contracts of insurance prepared by Teck's London Brokers that speak for themselves, and this Court is directed to the London Policies for a complete and accurate statement of their terms.  The London Market Insurers deny the allegations contained in paragraph 9 to the extent they are inconsistent with the language of the London Policies.

10.     The London Market Insurers deny the allegations contained in paragraph 10 of the Fourth Amended Complaint.

## **THE CLAIM**

11.     On information and belief the London Market Insurers admit the allegations contained in the first sentence of paragraph 11 of the Fourth Amended Complaint.  The London Market Insurers are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Fourth Amended Complaint and therefore deny the same.

12.     The London Market Insurers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Fourth Amended Complaint and therefore deny the same.

13.     The London Market Insurers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Fourth Amended Complaint and therefore deny the same.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101
(206) 223-7000

14.    The London Market Insurers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Fourth Amended Complaint and therefore deny the same.

15.    On information and belief, the London Market Insurers admit that plaintiff refused to enter into the AOC requested by the U.S. EPA and further that plaintiff offered to fund certain human health studies involving contamination of the Columbia River and Lake Roosevelt. The London Market Insurers are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Fourth Amended Complaint and therefore deny the same.

16.    On information and belief, the London Market Insurers admit that on or about December 11, 2003, the U.S. EPA issued a Unilateral Administrative Order to Teck. The London Market Insurers are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Fourth Amended Complaint.

17.    The London Market Insurers state that the UAO speaks for itself and they deny the allegations contained in paragraph 17 of the Fourth Amended Complaint to the extent they are inconsistent with the language of the UAO.

18.    On information and belief, the London Market Insurers admit the allegations contained in paragraph 18 of the Fourth Amended Complaint.

ANSWER TO FOURTH AMENDED COMPLAINT
AND JURY DEMAND - 7

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101
(206) 223-7000

052762.0001/1809091.1

19.    The London Market Insurers state that the Complaint speaks for itself and they deny the allegations contained in paragraph 19 of the Fourth Amended Complaint to the extent they are inconsistent with the language of the Complaint.

20.    The London Market Insurers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Fourth Amended Complaint and therefore deny the same.

21.    On information and belief, the London Market Insurers admit the allegations contained in paragraph 21 of the Fourth Amended Complaint.

22.    The London Market Insurers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Fourth Amended Complaint and therefore deny the same.

23.    The London Market Insurers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Fourth Amended Complaint and therefore deny the same.

24.    The London Market Insurers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Fourth Amended Complaint and therefore deny the same.

25.    The London Market Insurers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Fourth Amended Complaint and therefore deny the same.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101
(206) 223-7000

26.    The London Market Insurers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Fourth Amended Complaint and therefore deny the same.

27.    The London Market Insurers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Fourth Amended Complaint and therefore deny the same.

28.    The London Market Insurers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Fourth Amended Complaint and therefore deny the same.

29.    The London Market Insurers deny the allegations contained in paragraph 29 of the Fourth Amended Complaint.

30.    The London Market Insurers deny the allegations contained in paragraph 30 of the Fourth Amended Complaint.

31.    The London Market Insurers admit that they have filed a lawsuit in British Columbia seeking a declaration that London Market Insurers are not obligated to provide Teck with coverage for its insurance claims associated several sites including Lake Roosevelt and the Upper Columbia River, and that an actual controversy exists regarding portions of this coverage dispute.  Except as so admitted, the London Market Insurers deny the allegations contained in paragraph 31 of the Fourth Amended Complaint.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101
(206) 223-7000

32.    The London Market Insurers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Fourth Amended Complaint and therefore deny the same.

## FIRST CAUSE OF ACTION

33.    The London Market Insurers repeat their answers to paragraphs 1-32 of their Answer for their answer to paragraph 33.

34.    The London Policies are written contracts of insurance prepared by Teck's London Brokers that speak for themselves and this Court is directed to the London Policies for a complete and accurate statement of their terms. The London Market Insurers deny the allegations contained in paragraph 34 to the extent they are inconsistent with the language of the London Policies. Except as stated herein, the London Market Insurers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Fourth Amended Complaint and therefore deny the same.

35.    The London Market Insurers deny the allegations contained in the paragraph 35 of the Fourth Amended Complaint.

36.    The London Market Insurers deny the allegations contained in the paragraph 36 of the Fourth Amended Complaint.

37.    The London Market Insurers admit the allegations contained in the first and second sentences of paragraph 37 of the Fourth Amended Complaint, but deny that allegations contained in the third sentence of paragraph 37.

ANSWER TO FOURTH AMENDED COMPLAINT
AND JURY DEMAND - 10

38.   The London Market Insurers deny the allegations contained in the paragraph 38 of the Fourth Amended Complaint.

## SECOND CAUSE OF ACTION

39.   The London Market Insurers repeat their answers to paragraphs 1-38 as their answer to paragraph 39 of the Fourth Amended Complaint.

40.   The London Policies are written contracts of insurance prepared by Teck's London Brokers that speak for themselves and this Court is directed to the London Policies for a complete and accurate statement of their terms.  The London Market Insurers deny the allegations contained in paragraph 40 to the extent they are inconsistent with the language of the London Policies.  Except as stated herein, the London Market Insurers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Fourth Amended Complaint and therefore deny the same.

41.   The London Market Insurers admit that Plaintiff made certain of the London Market Insurers aware of the alleged Environmental Claims in connection with discussions seeking to resolve the Environmental Claims and other claims presented by Plaintiff, but deny that Teck provided proper notice of such claims in accordance with the terms and conditions of the London Policies.  The London Market Insurers further admit that Teck expressly waived any claims against the former Insurance Corporation of Ireland, now known as

ANSWER TO FOURTH AMENDED COMPLAINT
AND JURY DEMAND - 11

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101
(206) 223-7000

052762.0001/1809091.1

1   Icarom, plc ("Icarom").  Except as so admitted, the London Market Insurers

2   deny the remaining allegations contained in paragraph 41 of the Fourth

3   Amended Complaint.

4       42.    The London Market Insurers deny the allegations contained in the

5   first sentence of paragraph 42 of the Fourth Amended Complaint.  Answering

6   further, the London Market Insurers deny that they have any obligation to

7   indemnify plaintiff in connection with the alleged Environmental Claims.

8       43.    The London Market Insurers admit the allegations contained in the

9   first sentence of paragraph 43 of the Fourth Amended Complaint.  The London

10  Market Insurers deny the remaining allegations contained in paragraph 43 of the

11  Fourth Amended Complaint.

12      44.    The London Market Insurers deny the allegations contained in

13  paragraph 44 of the Fourth Amended Complaint.

14                  **PLAINTIFF'S PRAYER FOR RELIEF**

15      45.    The London Market Insurers deny the allegations and conclusions

16  of law contained in paragraph 45 of plaintiff's Prayer for Relief and further

17  deny that the plaintiff is entitled to any of the relief it seeks in this paragraph.

18      46.    The London Market Insurers deny the allegations and conclusions

19  of law contained in paragraphs 46A-E of plaintiff's Prayer for Relief and

20  further deny that the plaintiff is entitled to any of the relief it seeks in these

21  paragraphs.  The London Market Insurers admit the allegations and conclusions

22  of law contained in paragraph 46F of plaintiff's Prayer for Relief.

ANSWER TO FOURTH AMENDED COMPLAINT
AND JURY DEMAND - 12

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101
(206) 223-7000

47.    The London Market Insurers deny the allegations and conclusions of law contained in paragraph 47 of plaintiff's Prayer for Relief and further deny that the plaintiff is entitled to any of the relief it seeks in this paragraph.

48.    The London Market Insurers deny the allegations and conclusions of law contained in paragraph 48 of plaintiff's Prayer for Relief and further deny that the plaintiff is entitled to any of the relief it seeks in this paragraph.

WHEREFORE, the London Market Insurers pray that plaintiff's Fourth Amended Complaint be dismissed and that they have judgment for their costs of this action.

## AFFIRMATIVE AND OTHER DEFENSES
## TO DECLARATORY JUDGMENT CAUSE OF ACTION

For their Affirmative and Other Defenses, the London Market Insurers, severally and not jointly, state the following.  By raising these defenses, the London Market Insurers do not concede they have the burden of proof as to any such defense:

1.    Some or all of the London Market Insurers have not been properly served with summons and complaint in this action.

2.    This Court does not have subject matter and personal jurisdiction as to some or all of the London Market Insurers.

3.    Plaintiff's claims are barred in whole or in part by the pollution exclusion clauses that appear in the London Policies.

ANSWER TO FOURTH AMENDED COMPLAINT
AND JURY DEMAND - 13

052762.0001/1809091.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101
(206) 223-7000

4.      The alleged "Environmental Claims" do not constitute covered "occurrences" as that term is defined in the London Policies.

5.      Plaintiff's claims are barred in whole or in part because the alleged pollution and other harm in the Columbia River and Lake Roosevelt was not unexpected or unintended, but rather was the natural and certain result of mining and smelting operations as conducted by Plaintiff, was entirely expected by Plaintiff and is therefore not an accident, an occurrence or an insurable risk.

6.      Plaintiff's claims are barred to the extent that the costs claimed by Plaintiff to remediate or address other injury resulting from its normal business operations at Trail are costs associated with the normal business of mining and smelting and are not the proper subject of liability insurance.

7.      Plaintiff's claims are barred to the extent that any applicable self-insured retentions or any underlying insurance is not properly and completely exhausted.

8.      Plaintiff failed to provide The London Market Insurers with timely and adequate notice as required by the London Policies.

9.      Plaintiff's claims are barred to the extent it seeks compensation and/or indemnification for losses that have not yet arisen or for amounts Plaintiff has not yet paid or become legally obligated to pay as the result of a final judgment or settlement to which the London Market Insurers have agreed.

ANSWER TO FOURTH AMENDED COMPLAINT
AND JURY DEMAND - 14

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101
(206) 223-7000

052762.0001/1809091.1

10.    Plaintiff's claims are barred to the extent the alleged damages and/or the alleged "Environmental Claims" were a known loss or a loss in progress.

11.    Plaintiff's claims are barred because some or all of the claims for which Plaintiff seeks coverage are for equitable and injunctive relief for which no coverage is available under the London Policies.

12.    Plaintiff's claims are barred to the extent Plaintiff seeks coverage for restitutionary damages or the costs of undertaking prophylactic measures necessary to prevent further damages associated with the incidents giving rise to the alleged Environmental Claims.

13.    Plaintiff's claims are barred to the extent that the sums sought by Plaintiff do not constitute sums Plaintiff is obligated to pay as "damages" within the meaning and intent of the London Policies.

14.    Plaintiff's claims are barred to the extent that the acts or omissions giving rise to the alleged Environmental Claims were in violation of law, governmental regulations or public policy, and/or to the extent Plaintiff seeks indemnification for fines, penalties punitive and/or exemplary damages assessed or which may be assessed against Plaintiff.

15.    Plaintiff's claims are barred to the extent that the alleged property damage occurred prior to the inception or after the expiration of, the London Policies.

ANSWER TO FOURTH AMENDED COMPLAINT
AND JURY DEMAND - 15

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101
(206) 223-7000

052762.0001/1809091.1

16.    Plaintiff's claims are barred to the extent that Plaintiff voluntarily made payments or assumed obligations or incurred expenses in connection with the alleged Environmental Claims.

17.    Plaintiff's claims are barred to the extent that Plaintiff or its brokers and/or agents, during the process of placing, applying for, negotiating or renewing the London Policies:  (1) concealed relevant and material facts which they were obligated to disclose; (2) failed to disclose relevant and material facts which they were obligated to disclose; and/or (3) misrepresented relevant and material facts.

18.    Plaintiff's claims are barred to the extent that Plaintiff or its brokers and/or agents violated their duty of good faith and fair dealing in connection with placing, applying for, negotiating, renewing, obtaining, making or failing to make claims under, or providing information regarding claims under the London Policies.

19.    Plaintiff's claims are barred to the extent that Plaintiff cannot establish the complete terms and conditions of the London Policies.

20.    Plaintiff's claims are barred to the extent that Plaintiff cannot prove the existence of specific "property damage" and resulting monetary damages during any specific London Policy period.

21.    Plaintiff's claims are barred in whole or in part by the equitable doctrine of laches.

ANSWER TO FOURTH AMENDED COMPLAINT
AND JURY DEMAND - 16

052762.0001/1809091 1

22.    Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel and unclean hands.

23.    Plaintiff's Complaint fails to state a claim against the London Market Insurers.

24.    Plaintiffs have failed to join indispensable parties in conformance with Federal Rule of Civil Procedure 19.

25.    Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

26.    To the extent that Plaintiff has failed, in whole or in part, to mitigate, minimize or avoid the losses it allegedly sustained, Teck's recovery against London Market Insurers, if any, must be reduced by that amount.

27.    The London Market Insurers liability to Teck, if any, is "several" rather than "joint" and is limited to that percentage set forth under the insurance contract(s) subscribed to by each of the individual London Market Insurers.

28.    Plaintiff's claims are barred to the extent Teck has impaired or prejudiced the London Market Insurers' rights of subrogation or contribution against others, or London Markets Insurers' rights and abilities to investigate or adjust Teck's claims, and/or otherwise impaired or prejudiced the London Market Insurers.

29.    Plaintiff's claims are barred, in whole or in part under the terms, definitions, exclusions, limitations, or other provisions of the policies at issue.

ANSWER TO FOURTH AMENDED COMPLAINT
AND JURY DEMAND - 17

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101
(206) 223-7000

30.    To the extent, if any, London Market Insurers are obligated to indemnify Teck, London Market Insurers are entitled to offsets for any settlements Teck has reached with other insurers, for any self-insured retentions, and for years during which time damage occurred and Teck was not insured by the London Market Insurers.

31.    Venue is not proper in the United States District Court for the Eastern District of Washington.

## AFFIRMATIVE AND OTHER DEFENSES
## TO BREACH OF CONTRACT CAUSE OF ACTION

For their Affirmative and Other Defenses, the London Market Insurers, severally and not jointly, state the following. By raising these defenses, the London Market Insurers do not concede they have the burden of proof as to any such defense:

1.    Some or all of the London Market Insurers have not been properly served with summons and complaint in this action.

2.    This Court does not have subject matter and personal jurisdiction as to some or all of the London Market Insurers.

3.    Plaintiff's claims are barred in whole or in part by the pollution exclusion clauses that appear in the London Policies.

4.    The alleged "Environmental Claims" do not constitute covered "occurrences" as that term is defined in the London Policies.

ANSWER TO FOURTH AMENDED COMPLAINT
AND JURY DEMAND - 18

5.    Plaintiff's claims are barred in whole or in part because the alleged pollution and other harm in the Columbia River and Lake Roosevelt was not unexpected or unintended, but rather was the natural and certain result of mining and smelting operations as conducted by Plaintiff, was entirely expected by Plaintiff and is therefore not an accident, an occurrence or an insurable risk.

6.    Plaintiff's claims are barred to the extent that the costs claimed by Plaintiff to remediate or address other injury resulting from its normal business operations at Trail are costs associated with the normal business of mining and smelting and are not the proper subject of liability insurance.

7.    Plaintiff's claims are barred to the extent that any applicable self-insured retentions or any underlying insurance is not properly and completely exhausted.

8.    Plaintiff failed to provide the London Market Insurers with timely and adequate notice as required by the London Policies.

9.    Plaintiff's claims are barred to the extent the alleged damages and/or the alleged "Environmental Claims" were a known loss or a loss in progress.

10.    Plaintiff's claims are barred to the extent Plaintiff seeks coverage for restitutionary damages or the costs of undertaking prophylactic measures necessary to prevent further damages associated with the incidents giving rise to the alleged Environmental Claims.

ANSWER TO FOURTH AMENDED COMPLAINT
AND JURY DEMAND - 19

11.    Plaintiff's claims are barred to the extent that the sums sought by Plaintiff do not constitute sums Plaintiff is obligated to pay as "damages" within the meaning and intent of the London Policies.

12.    Plaintiff's claims are barred to the extent that the acts or omissions giving rise to the alleged Environmental Claims were in violation of law, governmental regulations or public policy, and/or to the extent Plaintiff seeks indemnification for fines, penalties, punitive and/or exemplary damages assessed or which may be assessed against Plaintiff.

13.    Plaintiff's claims are barred to the extent that the alleged property damage occurred prior to the inception or after the expiration of, the London Policies.

14.    Plaintiff's claims are barred to the extent that Plaintiff voluntarily made payments or assumed obligations or incurred expenses in connection with the alleged Environmental Claims.

15.    Plaintiff's claims are barred to the extent that Plaintiff or its brokers and/or agents, during the process of placing, applying for, negotiating or renewing the London Policies:  (1) concealed relevant and material facts which they were obligated to disclose; (2) failed to disclose relevant and material facts which they were obligated to disclose; and/or (3) misrepresented relevant and material facts.

16.    Plaintiff's claims are barred to the extent that Plaintiff or its brokers and/or agents violated their duty of good faith and fair dealing in connection

ANSWER TO FOURTH AMENDED COMPLAINT
AND JURY DEMAND - 20

052762.0001/1809091.1

with placing, applying for, negotiating, renewing, obtaining, making or failing to make claims under, or providing information regarding claims under the London Policies.

17.    Plaintiff's claims are barred to the extent that Plaintiff cannot establish the complete terms and conditions of the London Policies.

18.    Plaintiff's claims are barred to the extent that Plaintiff cannot prove the existence of specific "property damage" and resulting monetary damages during any specific London Policy period.

19.    Plaintiff's claims are barred in whole or in part by the equitable doctrine of laches.

20.    Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel and unclean hands.

21.    Plaintiff's Complaint fails to state a claim against the London Market Insurers.

22.    Plaintiff's have failed to join indispensable parties in conformance with Federal Rule of Civil Procedure 19.

23.    Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

24.    To the extent that Plaintiff has failed, in whole or in part, to mitigate, minimize or avoid the losses it allegedly sustained, Teck's recovery against London Market Insurers, if any, must be reduced by that amount.

ANSWER TO FOURTH AMENDED COMPLAINT
AND JURY DEMAND - 21

25.    There is no coverage for plaintiff's claims because plaintiff has failed to tender its claims to London Market Insurers for payment in accordance with the terms and conditions of the London Policies.

26.    The London Policies contain no duty to defend, and Teck's primary insurers, rather than London Market Insurers, are potentially liable for any defense costs incurred by Teck.

27.    Teck has not incurred past costs.

28.    Teck's claim for breach of contract is not ripe.

29.    The London Market Insurers liability to Teck, if any, is "several" rather than "joint" and is limited to that percentage set forth under the insurance contract(s) subscribed to by each of the individual London Market Insurers.

30.    Plaintiff's claims are barred to the extent Teck has impaired or prejudiced the London Market Insurers' rights of subrogation or contribution against others, or London Markets Insurers' rights and abilities to investigate or adjust Teck's claims, and/or otherwise impaired or prejudiced the London Market Insurers.

31.    Plaintiff's claims are barred, in whole or in part under the terms, definitions, exclusions, limitations, or other provisions of the policies at issue.

32.    To the extent, if any, London Market Insurers are obligated to indemnify Teck, London Market Insurers are entitled to offsets for any settlements Teck has reached with other insurers, for any self-insured

ANSWER TO FOURTH AMENDED COMPLAINT
AND JURY DEMAND - 22

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101
(206) 223-7000

052762.0001/1809091.1

1    retentions, and for years during which time damage occurred and Teck was not

2    insured by the London Market Insurers.

3       33. Venue is not proper in the United States District Court for the

4    Eastern District of Washington.

5       34. Teck is not entitled to damages for breach of contract to the extent

6    such damages were avoidable by Teck.

7       35. Teck is not entitled to damages for breach of contract to the extent

8    such damages were not reasonably foreseeable by London Market Insurers.

9       36. Teck is not entitled to damages for breach of contract to the extent

10   the amount of such damages is uncertain.

11   **<u>NOTICE OF INTENT TO RELY ON FOREIGN LAW</u>**

12      Pursuant to Local Rule of Civil Procedure 44.1.1, London Market

13   Insurers give notice that they intend to rely on the law of British Columbia,

14   Canada in this action.

15   **<u>JURY DEMAND</u>**

16      On January 25, 2010, Teck purported to withdraw its jury demand in this

17   matter. As set forth in their January 28, 2010 notice [Document 334], London

18   Market Insurers did not, and do not, consent to Teck's purported withdrawal of

19   its jury demand. In the event the Court determines that Teck's jury demand has

20   been withdrawn, is invalid and/or is otherwise ineffective, London Market

21   Insurers hereby demand a jury trial on all issues in this matter.

22

ANSWER TO FOURTH AMENDED COMPLAINT
AND JURY DEMAND - 23

## PRAYER FOR RELIEF

WHEREFORE, having fully responded to plaintiff's Complaint, and having stated their affirmative defenses, the London Market Insurers pray that judgment be entered against the plaintiff:

1.    Denying all relief requested by the plaintiff and dismissing the Complaint against the London Market Insurers in its entirety, with prejudice;

2.    Declaring that the London Market Insurers have no obligation to indemnify and/or reimburse plaintiff for any fees, expenses or costs alleged by the plaintiff to have been incurred in connection with the Underlying Action, and that the London Market Insurers have no other duties, obligations or liabilities to the plaintiff in connection with this matter; and

3.    Awarding the London Market Insurers reasonable costs, expenses and attorneys' fees as permitted by law and such other relief as the Court deems just and proper.

DATED this 16th day of February, 2010.

LANE POWELL PC

By  s/ Gabriel Baker
Cathy A. Spicer, WSBA No. 15416
Gabriel Baker, WSBA No. 28473
Attorneys for Defendants
London Market Insurers

ANSWER TO FOURTH AMENDED COMPLAINT
AND JURY DEMAND - 24

052762.0001/1809091.1

1

## Exhibit A

2

3  72-15398-1/PBC 24552N     HQ9550A00

   HJ3078A00              HQ9551A00

4  HK0327A00              HR9539A00

   HL0337A00              HR9540A00

5  HM9345A00             HR9541A00

   HN9291A00             HS9539A00

6  HN9292A00             HS9540A00

7  HN9620A00             HS9541A00

   HP9582A00             HT9539A00

8  HP9583A00             HT9540A00

   HP9584A00             HT9541A00

9  HP9585A00             HU9539A00

10  HQ9548A00             HU9540A00

   HQ9549A00             HU9541A00

11

12

13

14

15

16

17

18

19

20

21

22

ANSWER TO FOURTH AMENDED COMPLAINT
AND JURY DEMAND - 25

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101
(206) 223-7000

# **Exhibit B**

British Law Insurance Company Limited (sued herein as "British Law Ins. Co.")

Commercial Union Assurance Company PLC (sued herein as "Commercial Union Assurance Co.")

CNA Insurance Company Limited f/k/a  Norwich Union Fire Insurance Society Limited (sued herein as "Norwich Union Fire Ins. Society Ltd. Trust")

Eagle Star Insurance Company Limited

English & Scottish Ins. Co.

Excess Insurance Company Limited

Fortis Insurance Company f/k/a Bishopsgate Insurance PLC and Bishopsgate Insurance Limited (sued herein as "Bishopsgate Ins. Co. Ltd.")

Indemnity Marine Assurance Company Limited

Leadenhall Insurance Co. Ltd.

London & Hull Maritime Insurance Company (UK) Limited (sued herein as "London & Hull Maritime Ins. Co. Ltd.")

Malvern Insurance Company (sued herein as "Malvern Insurance Company Ltd.")

Marlon Insurance Company Limited f/k/a Vesta (UK) Insurance Company Limited (sued herein as "Vesta (UK) Ins. Co.")

Minster Insurance Company Limited

Nippon Insurance Company of Europe Ltd f/k/a The Nippon Fire & Marine Insurance Company (Europe) Limited (sued herein as "Nippon Fire & Marine Ins. Co. (UK) Ltd.")

Northern Assurance Company Limited

ANSWER TO FOURTH AMENDED COMPLAINT
AND JURY DEMAND - 26

Phoenix Assurance PLC (sued herein as "Phoenix Assurance Co.")

Provincial Insurance PLC (sued herein as "Provincial Ins. Co. Ltd.")

Skandia UK Insurance PLC (sued herein as "Skandia (UK) Ins. Co. Ltd.")

Suecia Re & Marine Insurance Company Limited f/k/a Hansa Marine Insurance Company (UK) Limited (sued herein as "Hansa Marine Ins. Co. (UK) Ltd.")

Switzerland General Insurance Company (London) Limited (sued herein as "Switzerland General Ins. Co.")

Switzerland Insurance Company UK Limited

Terra Nova Insurance Company (sued herein as "Terra Nova Ins. Co. Ltd.")

The Continental Insurance Company (UK) Limited

The Scottish Lion Insurance Company Limited (sued herein as "Scottish Lion Ins. Co. Ltd.")

Threadneedle Insurance Company Limited

Tower Underwriting New Zealand Limited f/k/a The National Insurance Company of New Zealand Limited (sued herein as "National Insurance Company of New Zealand Ltd.")

Yasuda Fire & Marine Insurance Company of Europe Limited (sued herein as "Yasuda Fire & Marine Ins. Co. (UK) Ltd.")

ANSWER TO FOURTH AMENDED COMPLAINT
AND JURY DEMAND - 27

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101
(206) 223-7000

052762.0001/1809091.1

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

## <u>CERTIFICATE OF SERVICE</u>

I, Helen Van Buren, hereby make the following Declaration from personal knowledge:

On February 16, 2010, I presented the attached document to the Clerk of the Court for filing and uploading to the CM/EFC system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following attorney:

Jerry John Moberg
jjmoberg@canfield-associates.com

Mark J. Plumer
mplumer@orrick.com

David F. Klein
dklein@orrick.com

Alexander J. Lathrop
alathrop@orrick.com

Daniel J. Dunne
ddunne@orrick.com

I HEREBY DECLARE UNDER PENALTY OF PERJURY under the laws of the United States of America and the State of Washington that the foregoing is true and correct.

EXECUTED this 16th day of February, 2010, at Seattle, Washington.

_Helen Van Buren_
Helen Van Buren

ANSWER TO FOURTH AMENDED COMPLAINT
AND JURY DEMAND - 28

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101
(206) 223-7000