UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| TECK METALS, LTD., | ) | No. CV-05-411-LRS |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING** |
| | ) | **MOTION TO REMAND** |
| | ) | |
| vs. | ) | |
| | ) | |
| CERTAIN UNDERWRITERS AT | ) | |
| LLOYD'S, LONDON AND | ) | |
| CERTAIN LONDON MARKET | ) | |
| INSURANCE COMPANIES, | ) | |
| | ) | |
| Defendants. | ) | |

**BEFORE THE COURT** is the Defendants' Motion To Remand (Ct. Rec. 322). Telephonic oral argument was heard on March 9, 2010. Mark J. Plumer, Esq., argued on behalf of Plaintiff. Gabriel Baker, Esq., argued on behalf of Defendants. Following the argument, the parties filed supplemental briefs which the court has considered in rendering its decision.

## I.  BACKGROUND

This action was originally commenced by Plaintiff in Grant County Superior Court by way of complaint filed there in November 2005. Defendants removed the action to this court by way of a "Notice of Removal" filed on December 22,

**ORDER DENYING
MOTION TO REMAND-          1**

2005. (Ct. Rec. 2). The asserted basis for removal was pursuant to 28 U.S.C. Section 1441(d) because one of the Defendants, Icarom (aka Insurance Corporation of Ireland, Ltd.), was a foreign state as defined in 28 U.S.C. Section 1603(a) (part of the Foreign Sovereign Immunities Act (FSIA)). On January 9, 2006, Defendant Seaton Insurance Company filed cross-claims against the London Insurers, including Icarom. Plaintiff moved to remand the action to Grant County Superior Court which this court denied in an order dated January 20, 2006 (Ct. Rec. 52).

In its Second Amended Complaint filed on January 26, 2006, Plaintiff dropped Icarom as a Defendant (Ct. Rec. 55). On May 5, 2009, this court entered an order (Ct. Rec. 254) dismissing Seaton's cross-claims, thereby eliminating Icarom as a participant in this action. Plaintiff's Fourth Amended Complaint (the complaint currently at issue) asserts this court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1441(d) because Icarom, "a third-party defendant in this action, is an agency or instrumentality of a foreign state under 28 U.S.C. [Section] 1603(a)."[1]

Defendants now seek to remand the action to Grant County Superior Court, contending this federal court no longer has jurisdiction under Section 1441(d) because Icarom, the foreign sovereign Defendant, is no longer a party to the action. Alternatively, and assuming the court still has supplemental jurisdiction over the claims against the non-foreign sovereign Defendants pursuant to 28 U.S.C. Section 1367, Defendants contend the court should decline to exercise such jurisdiction.

---

[1] It appears Icarom was actually a co-Defendant of Seaton, rather than a third-party Defendant.

**ORDER DENYING**
**MOTION TO REMAND-        2**

## II. DISCUSSION

### A. Does the court continue to have subject matter jurisdiction over the claims against the remaining non-foreign sovereign Defendants?

#### 1. Is There Pendent Party Jurisdiction Under The FSIA, 28 U.S.C. Section 1441(d)?

28 U.S.C. Section 1441(d) provides in relevant part:

> Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending.

In *Teledyne, Inc. v. Kone Corp.*, 892 F.2d 1404, 1408 (9th Cir. 1989), the Ninth Circuit Court of Appeals held "the FSIA provides federal jurisdiction over pendent parties, at least where . . . minimal diversity exists among the adverse parties." The circuit found the particular action fell within the scope of the constitutional grant of diversity jurisdiction, and Congress had authorized the exercise of that jurisdiction in suits filed against foreign states pursuant to Section 1441(d). *Id*. at 1407. While the diversity statute, 28 U.S.C. Section 1332, requires complete diversity among adverse parties, diversity under Article III of the United States Constitution is satisfied where any two adverse parties are of diverse citizenship. *Id*. That minimal diversity existed in *Teledyne*, creating "an independent basis for federal jurisdiction over the pendent party." *Id*. at 1407-08.[2]

Contrary to *Teledyne* is *Schlumberger Industries, Incorporated v. National*

---

[2] In *Chuidian v. Phillipine National Bank*, 912 F.2d 1095, 1099 (9th Cir. 1990), a wholly different panel of the Ninth Circuit, without citation to *Teledyne*, concluded that Section 1441(d) requires, in the case of removal by a foreign sovereign, that a federal court initially exercise jurisdiction over claims against co-defendants "even if such claims could not otherwise be heard in federal court." In other words, removal transfers the claims to federal court "without regard to whether the [FSIA] provides an independent basis for hearing those claims." *Id*.

**ORDER DENYING**
**MOTION TO REMAND-          3**

*Surety Corporation*, 36 F.3d 1274, 1280 (1994), the case relied upon by

Defendants.  In *Schlumberger*, the Fourth Circuit held that a district court did not

continue to have pendent party jurisdiction over non-foreign sovereign defendants

once the foreign sovereign defendant was voluntarily dismissed from the case

("While ICI was in the case, the district court lacked subject matter jurisdiction as

to the claims brought by Sangamo against all parties except for ICI.  When ICI

was dismissed, the district court lacked subject matter jurisdiction as to any of the

claims . . . .").    The Fourth Circuit acknowledged its conclusion was contrary to

the conclusion which the Ninth Circuit had reached in *Teledyne*:

> The [Ninth Circuit] relied heavily upon the fact that the
> FSIA . . . was drafted well after the concept of pendent
> claim jurisdiction had been enunciated by the Supreme Court
> in [*United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130
> (1966)].  This, the [Ninth Circuit] indicated, lent support to the
> idea that Congress made intentional the use of the phrase
> "civil action" in the FSIA, aware that it would be interpreted
> to mean the "entire case."

*Schlumberger*, 36 F.3d at 1281.  The Fourth Circuit also acknowledged that two

other of its sister circuits had found that Congress intended Section 1441(d) to

confer pendent party jurisdiction upon the district courts.  *Id*. at 1283 n. 10, citing

*In re Surinam Airways Holding Co.*, 974 F.2d 1255, 1258-60 (11th Cir. 1992), and

*Nolan v.Boeing Co.*, 919 F.2d 1058, 1064-66 (5th Cir. 1990).

   *Teledyne* remains valid law and this court is bound by it.  *Teledyne* dictates

the court find the non-foreign sovereign defendants who remain in this action,

following the dismissal of the foreign sovereign (Icarom), continue to be subject to

the court's pendent party jurisdiction if minimal diversity exists between Plaintiff

as a foreign citizen (Canadian corporation) and one or more of the non-foreign

sovereign defendants who qualify as citizens of the United States.  At this

juncture, the court does not believe it can reach a firm conclusion as to the

**ORDER DENYING**
**MOTION TO REMAND-**        **4**

existence of minimal diversity.  At oral argument, counsel for Defendants disputed the existence of minimal diversity on the basis that "both sides are primarily citizens of foreign nations."[3]  Furthermore, footnote 5 in Defendants' January 31, 2006 "Motion To Dismiss Based On Lack Of Personal Jurisdiction" (Ct. Rec. 57) states only that four Underwriting Members of Lloyd's "**may** currently reside in Washington," (emphasis added), not that they are in fact residents of the State of Washington.

Nevertheless, although the existence of pendent party jurisdiction under the FSIA may remain in dispute, the court concludes there is 28 U.S.C. Section 1367(a) supplemental jurisdiction over the non-foreign sovereign defendants and the non-federal claims asserted against them.

### 2.  Is There Supplemental Jurisdiction Under 28 U.S.C. Section 1367(a)?

28 U.S.C. Section 1367(a) provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. **Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties**

(Emphasis added).

Section 1367 represents a codification of "pendent jurisdiction" which had developed in the case law in recognition that considerations of judicial economy, convenience and fairness to the litigants gave a court with jurisdiction over a

_____

[3] Two non-resident aliens are not of "diverse citizenship."  *Teledyne*, 892 F.2d at 1407.

**ORDER DENYING
MOTION TO REMAND-        5**

federal claim the power to determine related state law claims joined by a plaintiff. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130 (1966). Section 1367 now places pendent jurisdiction, including pendent party jurisdiction, under a statutory umbrella.

Section 1367 became effective December 1, 1990, after the Ninth Circuit's decision in *Teledyne*. Section 1367 also was not at issue in *Schlumberger* because the action there had been commenced in 1988. 36 F.3d at 1279, n. 9. *Randolph v. Budget Rent-A-Car*, 97 F.3d 319 (9th Cir. 1996), however, makes it abundantly clear in the Ninth Circuit that a federal court with FSIA jurisdiction over a foreign sovereign defendant (whether pursuant to 28 U.S.C. Section 1330(a) or the removal provision of 28 U.S.C. Section 1441(d)), has supplemental jurisdiction over state law claims (the pendent claims) asserted against the non-foreign sovereign defendants (the pendent parties). Under Section 1367, it is not necessary that there be an independent basis for federal jurisdiction (i.e., minimal diversity) over state law claims asserted against pendent parties.

In *Randolph*, the plaintiffs filed their action in state court against Saudia and Budget Rent-A-Car. Saudia, a corporation wholly owned by the Saudi Arabian government, removed the action to federal district court pursuant to 28 U.S.C. Section 1441(d) and asserted the FSIA as a defense. After a bench trial and entry of judgment against both defendants, the defendants appealed to the Ninth Circuit. The circuit *sua sponte* raised the issue of subject matter jurisdiction. The circuit noted that federal jurisdiction over a foreign sovereign does not attach until it is determined that the foreign sovereign lacks immunity under the FSIA. *Id*. at 323. The circuit found the foreign sovereign, Saudia, was immune from suit under the FSIA because neither the commercial activity or tortious activity exceptions applied. *Id*. at 329. Furthermore, the circuit found supplemental jurisdiction did

**ORDER DENYING**
**MOTION TO REMAND-**        **6**

1    not exist over the claim against the non-foreign sovereign defendant, Budget,

2    because "when original jurisdiction does not exist for the principal claim, federal

3    courts may not exercise supplemental jurisdiction over the remaining pendent

4    claims." *Id*.  In sum, original subject matter jurisdiction never attached to the

5    claim against the foreign sovereign (Saudia).

6        Here, the issue of Icarom's immunity under the FSIA was never raised.

7    This court never made a determination that Icarom was entitled to immunity such

8    that original subject matter jurisdiction over the claims against Icarom would not

9    have existed.  To the contrary, in its January 20, 2006 order denying Plaintiff's

10   Motion To Remand (Ct. Rec. 52), this court found it had subject matter

11   jurisdiction because Icarom was an "agency or instrumentality of a foreign state"

12   as defined by the FSIA.  Accordingly, because original jurisdiction existed with

13   regard to the claims against Icarom, that gave rise  to supplemental jurisdiction

14   over the pendent claims against the non-foreign sovereign Defendants (the

15   pendent parties).

16       Defendants contend Section 1367 applies only where the court has "original

17   jurisdiction."  According to Defendants, this court did not have original

18   jurisdiction under the FSIA pursuant to 28 U.S.C. Section 1330(a), but rather

19   removal jurisdiction under the FSIA pursuant to Section 1441(d) which is not co-

20   extensive with original jurisdiction.  Defendants contend Section 1441(d) does not

21   define removal jurisdiction with respect to FSIA's grant of original jurisdiction in

22   Section 1330(a).  Section 1330(a) states the district courts shall have original

23   jurisdiction "of any nonjury civil action against a foreign state . . . **as to any claim**

24   **for relief in personam with respect to which the foreign state is not entitled to**

25   **immunity**."  (Emphasis added).  Section 1441(d) states "any civil action brought

26   in a State court against a foreign state . . . may be removed by the foreign state to

27

28   **ORDER DENYING**
     **MOTION TO REMAND-**        **7**

the district court . . . ."  Section 1441(d) provides for removal of the entire civil action, including all claims asserted against any non-foreign sovereign defendants, whereas Section 1330(a) limits original jurisdiction to claims asserted against foreign sovereign defendants.

Even if original jurisdiction under Section 1330(a) is not fully co-extensive with removal jurisdiction under Section 1441(d), it nevertheless remains true that there is no basis for removal under Section 1441(d) unless there is an action against a foreign state as defined in 28 U.S.C. Section 1603(a) of the FSIA.  Both Section 1330(a) and Section 1441(d) require the existence of a "civil action against a foreign state as defined in section 1603(a) of this title."  As it must, Section 1441(d) refers to the basis for the court's original jurisdiction.  Furthermore, and more importantly, this court fails to see why the judicial economy, convenience and fairness factors behind Section 1367(a) should not also be considered in determining whether supplemental jurisdiction should be exercised over pendent parties and the pendent claims asserted against them which have been removed pursuant to Section 1441(d), just as they are considered in determining whether supplemental jurisdiction should be exercised over pendent parties and the pendent claims asserted against them which  have been removed pursuant to Section 1441(a).  Clearly, as discussed below, those factors are equally valid considerations in the Section 1441(d) pendent party context.

In *Dar El-Bina Engineering & Contracting Company, Ltd. v. The Republic Of Iraq*, 79 F.Supp.2d 374 (S.D.N.Y. 2000), Kuwaiti companies brought an action against an Iraqi bank for nonpayment of promissory notes signed by Iraq and guaranteed by the bank.  Because the bank was the only defendant to appear in the action, the court's opinion addressed only the rights and obligations of the bank.  *Id*. at 377.  The bank, as an agency or instrumentality of the Republic of Iraq, was

**ORDER DENYING**
**MOTION TO REMAND-**          **8**

deemed a foreign sovereign under the FSIA. *Id*. at 379.  All of the claims at issue were against a single foreign sovereign defendant.  The court concluded the claim based on one of the notes payable in U.S. dollars (Tikrit Note 1), and over which the court potentially had original jurisdiction pursuant to Section 1330(a), was barred by the applicable statute of limitations.

The plaintiffs argued the court should exercise 28 U.S.C. Section 1367 supplemental jurisdiction over the claims based on the other notes payable in Swiss francs and Japanese yen because they arose out of the same construction contract and finance agreement as Tikrit Note 1.  The court concluded it would decline to exercise supplemental jurisdiction.  The court stated that if the claim on Tikrit Note 1 were timely, it would be "obliged to determine whether Congress has authorized the exercise of jurisdiction over claims that do not satisfy any of the exceptions to the immunity contained in the FSIA, but that form part of the same case or controversy as a claim over which FSIA jurisdiction exists." *Id*. at 386.  Based on its review of the FSIA, the court concluded "the text of the statute strongly suggests that Congress meant to confer jurisdiction on the district courts only with respect to specific claims as to which immunity was lacking."[4]  In a footnote, however, the court distinguished those cases where courts, including the Ninth Circuit Court of Appeals in *Teledyne*, have held the FSIA permits the exercise of pendent party jurisdiction to hear "not only claims against foreign states, but closely related claims against other parties over which there is no

_____

[4] FSIA jurisdiction exists over claims against the foreign sovereign as to which immunity is lacking.  It does not exist with regard to claims as to which there is immunity.

**ORDER DENYING
MOTION TO REMAND-        9**

independent basis of jurisdiction." *Id*. at n. 97.[5]  According to the *Dar El-Bina* court:

> [T]hese cases involve different considerations.  The question whether a court should hear a claim against a non-governmental party that arises out of a common nucleus of operative fact as a claim against a foreign state which, by virtue of the FSIA, is within the exclusive jurisdiction of the federal courts involves only questions of judicial economy and administration. **In contrast, the issue here is whether the Court has the power to hear claims against a foreign state as to which the foreign state enjoys sovereign immunity simply because it has original jurisdiction over a related claim as to which there is no immunity. The pendent party cases do not inform that question.**

*Id*. (emphasis added).

The matter before this court is a pendent party case in which the question is whether this court should exercise supplemental jurisdiction over claims against "non-governmental," non-foreign state Defendants.  It is not a case in which the question is whether the court should exercise supplemental jurisdiction over claims against a foreign sovereign as to which that sovereign enjoys immunity simply because there is original jurisdiction over a related claim as to which there is no immunity.  Exercising supplemental jurisdiction in that instance would seem to constitute an end-run around the FSIA.

This court concludes it has supplemental jurisdiction pursuant to 28 U.S.C. Section 1367(a) over claims asserted against non-foreign sovereign defendants where those claims have been removed to federal court pursuant to 28 U.S.C. Section 1441(d) along with claims asserted against a non-immune foreign

---

[5] As discussed *supra*, it appears the *Teledyne* court did in fact rely on an independent basis of federal jurisdiction ("minimal diversity") to find there was pendent party jurisdiction over the claims against the non-foreign sovereign defendants.  The Ninth Circuit's subsequent decision in *Chuidian*, however, indicated that an independent basis of jurisdiction was not necessary.

**ORDER DENYING
MOTION TO REMAND-          10**

sovereign.[6]  In this particular removal context, there is supplemental jurisdiction. As discussed in *Dar El-Bina*, supplemental jurisdiction may not exist in a different removal context, that being where the action involves multiple claims against a foreign sovereign and there is an adjudication or dismissal of claims upon which the sovereign lacks immunity (FSIA subject matter jurisdiction exists), leaving only claims upon which the sovereign is entitled to immunity.  As to those latter claims, there is no FSIA subject matter jurisdiction and per *Dar El-Bina*, no supplemental jurisdiction.[7]

///

///

///

///

---

[6]  As discussed in *Randolph*, where the sovereign is immune, jurisdiction over the sovereign pursuant to Section 1441(d) never attaches and therefore, there is no supplemental jurisdiction over other claims against non-foreign sovereign defendants.

[7]  According to *Dar El-Bina*:

> [T]here is no inconsistency in holding that the right of removal extends to all actions against foreign states, but the power of federal courts to adjudicate claims against foreign states depends upon a claim-by-claim determination of whether sovereign immunity exists.  Put another way, federal jurisdiction **in these circumstances** is not necessarily coextensive with subject matter jurisdiction in the sense of power to decide the merits of particular claims.

79 F.Supp.2d at 386, n. 97 (emphasis added).

**ORDER DENYING
MOTION TO REMAND-        11**

1

2

3    **B.  Should The Court Decline To Exercise Supplemental Jurisdiction**

4    **Pursuant To 28 U.S.C. Section 1367(c)(3)?**

5        A district court may decline to exercise supplemental jurisdiction over a

6    claim under Section 1367(a) if the district court has dismissed all claims over

7    which it has original jurisdiction.  In deciding this question, the following factors

8    are considered:  judicial economy, convenience, fairness, and comity.  *Acri v.*

9    *Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).

10        It is true Plaintiff commenced this action in Grant County Superior Court,

11   promptly sought to have it remanded there after removal by Defendants, but now

12   opposes it being remanded there.  What has occurred in the intervening four years,

13   however, persuades the court to exercise supplemental jurisdiction.  Although this

14   court has not ruled on any of the coverage issues (the merits), it is nonetheless

15   very familiar with the complex factual and procedural background of this case.

16   This court is also presiding over the underlying case (*Pakootas v. Teck Cominco*

17   *Metals, Ltd.*, CV-04-256-LRS) which gives rise to the coverage issues.

18        On December 8, 2009, this court entered an anti-anti-suit injunction (Ct.

19   Rec. 303) which precludes Defendants from requesting an order from the British

20   Columbia court in parallel proceedings to prohibit Plaintiff from seeking relief in

21   this federal district court.  The injunction is subject to a pending interlocutory

22   appeal by Defendants to the Ninth Circuit Court of Appeals.  Remanding this case

23   now to the Grant County Superior Court would create a delay in the "American"

24   proceedings on the coverage issues that would create an advantage for Defendants

25   in seeking and obtaining rulings on those issues in the British Columbia court.

26   The delay would be unfairly prejudicial to Plaintiff and distinctly disadvantage

27

28   **ORDER DENYING**

**MOTION TO REMAND-        12**

them.

Moreover, if this action were remanded, questions arise over the fate of the anti-anti-suit injunction. It is unclear whether the Grant County Superior Court would have authority to dissolve the injunction as this may or may not be in contravention of the "law of the case." A question arises whether remanding the action to state court while the interlocutory appeal of the injunction is pending would have the effect of divesting the court of appeals of jurisdiction to entertain the appeal, or otherwise cause the circuit to decline to exercise jurisdiction over the appeal, considering that this district court would be declining to exercise supplemental jurisdiction. These questions arise because the injunction was entered pursuant to this court exercising supplemental jurisdiction. In December 2009, that was the only remaining basis for jurisdiction because Icarom, the foreign sovereign, was no longer a participant in the action as of May 5, 2009, and original jurisdiction ceased to exist at that time.

Judicial economy, convenience, and fairness persuade this court to continue to exercise supplemental jurisdiction over the remaining claims against the non-foreign sovereign Defendants. As to the comity factor, this court is as well-equipped as a state court to apply Washington law, or British Columbia law, to the coverage issues. If Washington law applies, this court has the certification procedure available to it in the event it encounters an unsettled issue of state law.

## III.  CONCLUSION

The court does not cast aspersion on the non-foreign sovereign Defendants for waiting until now to seek a remand. Icarom was not fully dismissed as a participant in this action until May 2009, and this action was stayed from September 26, 2006 until December 2, 2009 pursuant to a standstill agreement

**ORDER DENYING
MOTION TO REMAND-          13**

negotiated between the parties.  Plaintiff's Fourth Amended Complaint, filed

January 26, 2010 (Ct. Rec. 332), confirmed Plaintiff was reasserting jurisdiction

on the basis of the FSIA and Icarom being a foreign sovereign, even though

Icarom was eliminated as a participant in this action when all of Seaton's cross-

claims against Icarom were dismissed on May 5, 2009.[8]

Original subject matter jurisdiction under the FSIA over the claim against

Icarom (the foreign sovereign Defendant) attached at the time this action was

removed from Grant County Superior Court to this court pursuant to 28 U.S.C.

Section 1441(d).  These were claims to which Icarom was presumptively not

immune under the FSIA.  At the same time, supplemental jurisdiction attached to

the pendent claims against the non-foreign sovereign Defendants.  These claims

are so related to the claims against Icarom that were within the court's original

jurisdiction that they form part of the same case or controversy under Article III of

the United States Constitution.  28 U.S.C. Section 1367(a).[9]  The dismissal of the

claims against Icarom did not eliminate supplemental jurisdiction over the pendent

claims against the non-foreign sovereign Defendants.  This court exercises its

discretion to continue exercising supplemental jurisdictional over the claims

against the non-foreign sovereign Defendants.  28 U.S.C. Section 1367(c).

Accordingly, Defendants' Motion To Remand (Ct. Rec. 322) is **DENIED**.

///

---

[8] The Fourth Amended Complaint, like the Third Amended Complaint (Ct. Rec. 185) filed May 24, 2006, stated the basis for subject matter jurisdiction was that "[t]his court has ruled that it has subject matter jurisdiction pursuant to 28 U.S.C. §1441(d) because Icarom plc, a third-party defendant in this action, is an agency or instrumentality of a foreign state under 28 U.S.C. §1603(a)."

[9] Defendants do not dispute the "relatedness" of the claims.

**ORDER DENYING**
**MOTION TO REMAND-          14**

**IT IS SO ORDERED**.  The District Executive is directed to enter this order and forward copies to counsel.

**DATED** this ___29th___ of March, 2010.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
Chief United States District Judge

**ORDER DENYING
MOTION TO REMAND-**             **15**