UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TECK METALS, LTD., | ) |
| | ) No. CV-05-411-LRS |
| Plaintiff, | ) |
| | ) **ORDER RE DEFENDANTS'** |
| | ) **OMNIBUS MOTION TO COMPEL,** |
| | ) *INTER ALIA* |
| vs. | ) |
| | ) |
| CERTAIN UNDERWRITERS AT | ) |
| LLOYD'S, LONDON AND | ) |
| CERTAIN LONDON MARKET | ) |
| INSURANCE COMPANIES, | ) |
| | ) |
| Defendants. | ) |

**BEFORE THE COURT** are the Defendants' Omnibus Motion To Compel (Ct. Rec. 693) and Plaintiff's related Motion For Protective Order (Ct. Rec. 704). The motions are heard without oral argument. Based on its review of the briefing, the court makes the following rulings:

**A) Defendants' Request To Inspect Plaintiff's Facility in Trail, B.C.:**

The parties have resolved this matter and therefore, Defendant's motion to compel is moot in this regard.

**ORDER RE DEFENDANTS' OMNIBUS
MOTION TO COMPEL,** *INTER ALIA*-           **1**

**B)  RFP No. 3 in Defendants' Sixth Set of Requests For Production and Interrogatory No. 15 in Defendants' Fourth Set of Interrogatories:**

The court will require Plaintiff to produce all documents relating to alleged violations of environmental laws, statutes or regulations **at the Trail Smelter facility only**, and to identify all suits against Plaintiff alleging bodily injury or property damage arising from alleged environmental contamination **at the Trail Smelter facility only**.  This information is relevant to Defendant's defense that Plaintiff expected or intended the property damage for which it is now seeking insurance coverage, that being alleged releases of hazardous substances from the slag discharged into the Columbia River at the Trail facility after that slag came to rest in the UCR Site located in the United States.  This information is reasonably calculated to lead to the discovery of admissible evidence.  This information will be produced no later than January 14, 2011.

Plaintiff will be required to forthwith designate a Fed. R. Civ. P. 30(b)(6) deponent to testify regarding topics "A. 1967 Pollution Control Act," "C. Environmental Groups," and "D. Claims Against Teck" specified in Defendants' November 1, 2010 "Notice Of Deposition," **as related to the Trail Smelter facility only**.

The court will not require Plaintiff to produce information related to any of its other facilities, finding the burden of such production is undue in relation to the potential relevancy of any such information.

**C) Corporate Designee Deposition Regarding EIL Insurance:**

The court will not require Plaintiff to produce a corporate designee to be deposed about EIL Insurance.  Based upon its review of the excerpts from the transcript of the deposition of Anne Chalmers, the court concludes Defendants had

**ORDER RE DEFENDANTS' OMNIBUS MOTION TO COMPEL,** *INTER ALIA***-        2**

an adequate opportunity to examine her regarding EIL insurance and, in fact, did so examine her.

The January 3, 2011 fact discovery deadline is extended as necessary to accommodate the relief afforded to Defendants.

Defendants' Omnibus Motion To Compel (Ct. Rec. 693) and Plaintiff's related Motion For Protective Order (Ct. Rec. 704) are **GRANTED in part** and **DENIED in part** as reflected by these rulings.

**IT IS SO ORDERED**. The District Executive is directed to enter this order and forward copies to counsel.

**DATED** this ___28th___ of December, 2010.

*s/Lonny R. Suko*

LONNY R. SUKO
Chief United States District Judge

ORDER RE DEFENDANTS' OMNIBUS MOTION TO COMPEL, *INTER ALIA*-    3